**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division


SANDRA D. CLARK,

        Plaintiff,

v.                                      ACTION NO. 4:05CV93

SIEMENS VDO AUTOMOTIVE CORPORATION,

        Defendant.


UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered November 9, 2005.

This case was referred for a report and recommendation for the disposition of Defendant's Motion to Dismiss (Document No. 7). The court recommends GRANTING the Motion to Dismiss.


I. PROCEDURAL AND FACTUAL BACKGROUND

The plaintiff filed this complaint on May 24, 2005, alleging that an employee of the defendant sexually harassed the plaintiff and that the defendant retaliated against the plaintiff by terminating the plaintiff's employment.

The merits of this case are not at issue in the Motion to Dismiss. Rather, the defendant seeks to dismiss the case as a

sanction for the plaintiff's repeated refusal to attend her own deposition.

On September 13, 2005, the defendant first noticed the plaintiff's deposition for October 13, 2005. This date was agreed upon by counsel. The plaintiff did not appear and her counsel stated that the plaintiff reported that she could not focus on the deposition. Counsel contacted the Court and the Court entered an order compelling the plaintiff to appear for her deposition on October 20, 2005 at 10:30 a.m. The order warned plaintiff of sanctions under the Federal Rules of Civil Procedure, which included contempt and dismissal of the plaintiff's case with prejudice (Document No. 6).

On October 17, 2005, the Clerk received a letter from the plaintiff requesting the October 20, 2005 deposition be continued because plaintiff was "having problems with high blood pressure, bad headaches and blurred vision..." The plaintiff did not provide any medical evidence of the problems. The plaintiff did not appear at the scheduled October 20, 2005 deposition.

On November 2, 2005, the Clerk received three notes written on a prescription pad of Hampton Roads Orthopaedics and Sports Medicine, P.L.C. One note stated, "Please excuse pt from any legal deposition due to back & neck injuries & medication." The note further had the name of "Sandra Clark" on it and an illegible scrawl on the signature line. The alleged attending physician was not identified, nor was the alleged date of onset of any of these problems. Two other notes were included, which were prescriptions

for Sandra Clark. No explanation was given for the purpose of the drugs.

The defendant filed a Motion to Dismiss on October 26, 2005. The plaintiff did not file a response. The Court conducted a hearing on November 23, 2005. The plaintiff did not appear at the hearing. Plaintiff's counsel advised the Court that her client had not waived any attorney/client privileges; therefore, plaintiff's counsel could not supply any information regarding her client's failure to attend the deposition.


## II. ANALYSIS

Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d) provide the authority for the Court to dismiss a case if a party disobeys a court order or fails to attend her deposition.

The Court of Appeals for the Fourth Circuit has set forth the elements a court must examine before dismissing a case as a sanction for discovery abuse. The Court must consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective. Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

This plaintiff meets the test for dismissal on all points.

First, the plaintiff's conduct was intentional, since she knew she must attend the deposition, and in bad fath, since she failed

to supply any credible evidence for missing the deposition. The plaintiff is completely responsible for her failure to attend the deposition. She was aware of the dates and refused to attend, even after warnings. Plaintiff's counsel was prepared for the deposition but the plaintiff is the one who decided to violate the court rules and orders.

Second, the defendant has been prejudiced by the plaintiff's failure to attend the deposition. Many of the allegations in the complaint are based on the plaintiff's contact with one employee of the defendant. Without a deposition, the defendant could not possibly know how the plaintiff would testify about these incidents.

Third, the plaintiff refused to appear at her deposition after notice and then after court order. Her excuses for missing the deposition changed three times over two weeks. The plaintiff did not appear at the hearing on the Motion to Dismiss to give a full explanation or permit her counsel to give an explanation for her failing to attend the deposition. Such conduct needs to be deterred.

Fourth, the plaintiff has failed to comply in all instances in providing a deposition. Her failure to comply by attending her scheduled depositions leaves the Court with no less drastic sanction since her deposition is essential in this case.

Further, the Court finds that the plaintiff failed to attend her deposition when noticed and then when ordered, failed to provide a reasonable basis for failing to appear, failed to file a

written response to the Motion to Dismiss, and failed to provide at the motion hearing any explanation in person or through counsel of her failure to attend the deposition. These actions by the plaintiff indicate that the plaintiff has abandoned this case and the case should be dismissed for failure to prosecute the action. Federal Rule of Civil Procedure 41(b).

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that the defendant's Motion to Dismiss be GRANTED.

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 10 days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely

objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.   Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).


                                           /s/
                                    Tommy E. Miller
                                    United States Magistrate Judge

Norfolk, Virginia

December 20, 2005

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to the following:

SueAnne Hardee Bryant, Esq.
Bryant & Associates, P.C.
1105 Eden Square
Chesapeake, VA  23320-2750

Amy M. Turk, Esq.
McGuire Woods LLP
101 W. Main St., Suite 9000
Norfolk, VA  23510-1655

Dana L. Rust, Esq.
Kathleen McMahon McDaniel, Esq.
McGuire Woods LLP
901 E. Cary St.
Richmond, VA  23219-4030

                              Elizabeth H. Paret, Clerk


                              By_____
                                   Deputy Clerk

                                   December     , 2005